Dewey, J.
This was an action of debt commenced before a justice of the peace by the State, on the relation and for the use of Vigus, against one Huffard, a constable, and Mowbray his surety. The cause of action filed before the justice, was *96 the copy of an instrument purporting tq be executed by the defendants in the usual form of a constable’s official bond, except the seals, and several assignments of breaches of the condition appended to it. There was a suggestion of “not found” as to Huffard. Mowbray ppeared before the justice, who rendered a judgment in his favour. The State appealed. In the Circuit Court, on the motion of the defendant, the suit was dismissed on the ground that there was not a sufficient cause of action.
O. Fletoher, 0. Butler, and 8. Yandes, for the plaintiff.
W. Wright, for the defendant.
In' this, we think the Circuit Court was mistaken. We 'have a statute which provides, that when any recognizance or bond required by law to be given by any officer, &c., made to the State to secure the payment of money, or performance of duty, has not the form or “substantial matter required by law,” the defect may be suggested in the declaration by the person interested, and an action be sustained on such instrument against principal and surety for the recovery of the demand equitably due. R. Stat., 1838, p. 450. The want of seals to the instrument in question is cured by this statute, and the instrument is thereby rendered a good statutory cause of action. As a copy of the paper itself was appended to the assignment of breaches, the defect was apparent, and no other suggestion of it was necessary in the justice’s Court.
Per Cwriam.—The judgment is reversed with costs. Cause remanded, &c.